UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JASON ALLEN LEE**, and
**DAWN MICHELLE LEE**,

Debtors.

Case No. **08-61713-13**

## *MEMORANDUM of DECISION*

At Butte in said District this 28th day of January, 2009.

In this Chapter 13 bankruptcy, after due notice, a hearing was held January 13, 2009, in Butte on Debtors' Motion for Turnover [and] Demand for Attorney Fees and Costs filed December 16, 2008, together with Helena Title Loans, Inc.'s objection thereto.  Debtors were represented at the hearing by their attorney of record, Gregory W. Duncan of Helena, Montana.  Helena Title Loans was represented at the hearing by attorney Scott H. Clement of Helena, Montana.  Debtors' Exhibits D, F, J, K, and L, and Helena Title Loans' Exhibit 1 were admitted into evidence without objection and debtor Dawn Michelle Lee ("Lee"), Kathleen Glover and Kim Hammond testified.  This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

### FACTS

Lee entered into a "Promissory Note, Loan Agreement and Security Agreement," or title loan agreement, with Helena Title Loans on June 15, 2008, for the purpose of borrowing $1,500.00.  To secure the $1,500.00 loan, Lee gave Helena Title Loans the title to Debtors' 2003

1

Dodge Truck. The maturity date of the loan was August 14, 2008, and the total amount due on the date of maturity was $1,800.00. Lee listed her address on July 15, 2008, as 6220 Ferry Drive, Helena, MT 59602. Lee failed to make the payment due to Helena Title Loans on August 14, 2008.

The Court's records reflect that this is the third bankruptcy filed by these Debtors. The first bankruptcy, Case No. 08-60862, was filed on July 7, 2008, and was dismissed on September 9, 2008, for Debtors' failure to timely receive credit counseling. Debtors' second bankruptcy, Case No. 08-61249, was filed on September 12, 2008, and was dismissed on November 14, 2008, for Debtors' failure to commence making Chapter 13 plan payments and for Debtors' failure to turnover documents requested by the Trustee. Debtors commenced the instant Chapter 13 bankruptcy on December 9, 2008. Debtors' proposed Chapter 13 plan provides,

> the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
| --- | --- |
| HELENA TITLE LOANS | $2300.00 @ 10% INTEREST DEBT ON 2003 DODGE TRUCK |
| CREDITOR HAS REPOSSESSED THE VEHICLE AND DEBTOR IS REQUESTING THE TRUCK BE RETURNED. | |
| MONTANA TITLE LOANS | $7,500 @ 10% INTEREST DEBT ON 2003 DODGE TRUCK |
| TITLE CASH OF MONTANA | $2708.00 @ 10% INTEREST DEBT ON 2003 DODGE TRUCK |

The 2003 Dodge Truck appears to be Debtors' only vehicle, and Debtors assert that the Truck has a value of $7,990.00.

2

Kim Hammond of Helena Title Loans routinely monitors bankruptcies on this Court's PACER system, which is the public access to court electronic records. Upon learning of the dismissal of Debtors' second bankruptcy case on November 14, 2008, Kim Hammond of Helena Title Loans sent Debtors a "Late Notice, Borrower's Right to Redeem" on November 14, 2008, notifying Debtors that they were delinquent on their payments and that under the Montana Title Loan Act, Debtors had twenty days to redeem their certificate of title. Helena Title Loans Exhibit 1. The aforementioned Late Notice was sent first class, postage prepaid to the Debtors at their current address of 4725 Brittans Way, Helena, MT 59602.[1] *Id.* The envelope in which the Late Notice was sent to Debtors was stamped "Return Service Requested." *Id.* Helena Title Loans has not received the Late Notice back from the post office. Even though Helena Title Loans has not received the Late Notice back from the post office, Lee claims she did not receive the Late Notice and in fact did not see the Late Notice until approximately two weeks ago.

Lee instead asserts that Exhibits J and K establish that the November 14, 2008, Late Notice was not mailed to Lee until November 25, 2008. Exhibit J is a copy of an envelope from Helena Title Loans addressed to Dawn Lee, 6220 Ferry Dr., Helena, MT 59602. The envelope has a first class postage stamp and contains Helena Title Loans customary stamp of "Return Service Requested." It is apparent from Exhibit J that the post office delivered the envelope in Exhibit J to Debtors' 4725 Brittans Way address after first attempting delivery to the 6220 Ferry Dr. address.

Lee contends that Exhibit K, a copy of a Notice dated November 29, 2008, and left by the

---

[1] The 4725 Brittan Way address is listed as Debtors' address in this bankruptcy case and in Debtors' first and second bankruptcy cases.

United States Postal Service advising Lee that she had certified mail establishes that Helena Title Loans did not send its November 14, 2008, Late Notice until November 25, 2008. The Court would note that the "Sender's Name" line of the Notice left by the United States Postal Service on November 29, 2008, is blank and thus, nothing links Exhibit K to Exhibit J, other than Lee's testimony. Helena Title Loans repossessed Debtors' 2003 Dodge Truck on November 24, 2008, and on that date, the total amount owed to Helena Title Loans was $2,425.00, with an accruing storage fee of $15.00 per day.

## APPLICABLE LAW

This Court only has jurisdiction over property of the estate. Thus, the first question which the Court must address is whether Debtors' 2003 Dodge Truck is property of the estate. Section 541(a) of the Bankruptcy Code defines "[p]roperty of the estate" to include "all the following property, wherever located and *by whomever held*:"

> (1) . . . all legal *or* equitable interests of the debtor in property as of the commencement of the case.

The above definition refers to "legal" and "equitable" in the disjunctive and thus, property in which the debtor holds only legal title, but not an equitable interest, is included as property of the estate under § 541(a). In discussing the broad definition of "property of the estate", this Court wrote:

> Section 541(a)(1) of the Bankruptcy Code is intended to include in the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Campbell (Balyeat Law Offices v. Campbell)*, 14 Mont. B.R. 132, 140-41 (9th Cir. BAP 1995). In *Campbell* the BAP wrote:
>
> > The legislative history indicates that the scope of § 541(a)(1) is broad. *See United States v. Whiting Pools, Inc.*, 468 U.S. 198, 205 (1983). Section 541(a)(1) is intended to include in the estate any

> property made available to the estate by any other provisions of the Bankruptcy Code. *Id.* (*citing* H.R. Rep. No. 95-595, p. 367 (1977)). Several provisions in the Code permit the trustee to recover property in which the debtor did not have a possessory interest when the bankruptcy petition was filed. *See, e.g.,* 11 U.S.C. §§ 543, 544, 547 & 548; *Whiting Pools,* 462 U.S. at 205. Thus, "[a]n estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

*In re Weatherwax*, 16 Mont. B.R. 304, 308-09 (Bankr. D. Mont. 1997).

Based upon the foregoing discussion, it would appear at first blush that the 2003 Dodge Truck is property of Debtors' Chapter 13 bankruptcy estate. However, the Court must first examine state law, as previously noted by this Court:

> Generally, state law determines the extent of [a party'] interests [in property] and when these interests expire. *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 244 (9th Cir. 1988); *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986). "State law, however, must be applied in a manner consistent with federal bankruptcy law." *In re Sierra Steel, Inc.*, 96 B.R. 271, 273 (9th Cir. BAP 1989) (*citing In re North Am. Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir. 1985), *amended,* 774 F.2d 1390 (9th Cir. 1985), *cert. denied sub nom. Daniel A. Torres, M.D., P.C. v. Eastlick*, 475 U.S. 1083 (1986)).
>
> 14 Mont. B.R. at 141-42.
>
> Furthermore, "The bankruptcy estate succeeds to no more interest than the Debtor possessed or had, and the estate takes its interest subject to such conditions." *In re Kleffner*, 14 Mont. B.R. 10, 15 (Bankr. Mont. 1994) (quoting *In re Baquet*, 61 B.R. 495, 497-98 (Bankr. Mont. 1986)).

*In re Weatherwax*, 16 Mont. B.R. at 308-09. *See also Nobelman v. American Savings Bank*, 508 U.S. 324, 329 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has "left the determination of property rights in the assets of a bankrupt's estate to state law," since such "[p]roperty interests are created and defined by state law." *Butner v. United*

5

*States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). See also *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992)").

MONT. CODE ANN. ("MCA") § 31-1-820(1), dealing with the redemption of a certificate of title, provides:

> (c) If the borrower fails to redeem the certificate of title before the lapse of the 20-day holding period, the borrower shall forfeit all right, title, and interest in and to the titled personal property to the title lender, who acquires an absolute right of title to the titled personal property. The title lender may sell or dispose of the pledged property.

## DISCUSSION

In the case *sub judice*, Lee maintains that Helena Title Loans did not send the November 14, 2008, Late Notice until November 25, 2008. Specifically, Lee asserts that she received the Late Notice, Exhibit 1, in the envelope marked Exhibit J after receiving the notice from the United States Post Office at Exhibit K advising Lee that she had Certified Mail.

Debtors' Exhibits do not support Lee's testimony. The Court thus concludes that Lee is not a credible witness. Kim Hammond testified that Helena Title Loans does not send any of its notices via certified mail. Rather, Helena Title Loans sends all correspondence via first class mail, postage prepaid. Kim Hammond's testimony is corroborated by Helena Title Loans' Exhibit 1 and by Debtors' Exhibit J, which both contain a 42¢ flag stamp. In addition, the envelope at Exhibit J does not contain any of the customary certified mail markings, such as the words "return receipt requested" or a tracking number. Contrary to Lee's testimony, Exhibit K cannot relate to Exhibit J because Exhibit J was not sent via certified mail as it does not reflect the additional postage required for certified mail and it does not show any of the customary certified mail markings.

Based upon the evidence, the Court concludes that the November 14, 2008, Late Notice was mailed to Lee on or about November 14, 2008. The Court also concludes that it was Helena Title Loans' November 24, 2008, Notice of Intention to Sell and Redeem Repossessed Vehicles, Exhibit D, that was sent to Lee on November 25, 2008. Exhibit J. Twenty-five days elapsed between November 14, 2008, the date Kim Hammond mailed the Late Notice to Lee, and December 9, 2008, the date Debtors filed their third bankruptcy petition. Under MCA § 31-1-820(1)(c), Lee forfeited all right, title, and interest to the 2003 Dodge Truck by failing to pay the entire amount owing to Helena Title Loans within 20 days of the November 14, 2008, Late Notice.

The 2003 Dodge Truck is no longer property of the bankruptcy estate. Consequently, the Court lacks the authority or jurisdiction to grant Debtors' pending Motion for Turnover [and] Demand for Attorney Fees and Costs. For the reasons discussed in this Memorandum of Decision, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtors' Motion for Turnover [and] Demand for Attorney Fees and Costs filed December 16, 2008, is DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana